UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-651 AG (ANx) | Date | May 24, 2010 |
|---|---|---|---|
| Title | ROSEMARIE A. RAHALL v SAM MURRAY, ET AL | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**    **[IN CHAMBERS] ORDER TO SHOW CAUSE RE REMAND TO STATE COURT**

On May 17, 2010, this action was removed to this Court under 28 U.S.C. § 1441 and 1446. But removal appears to be improper for the reason(s) opposite the boxes checked:

[ **X** ]  The action was not removed within thirty days of the date the first defendant to be served was served with "a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325-26, 143 L. Ed. 2d 448 (1999); *Ford v. New United Motors Mfg., Inc.*, 857 F. Supp. 707, 709 (N.D. Cal. 1994).

[ ]  Removing party has not alleged when the first defendant to be served was served.

[ ]  Removing party has not alleged which defendants have been served and which have not.

[ ]  Removing party has not alleged when each served defendant was served.

[ ]  Although the case may not have been initially removable, the action was not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-651 AG (ANx) | Date | May 24, 2010 |
|---|---|---|---|
| Title | ROSEMARIE A. RAHALL v SAM MURRAY, ET AL | | |

removed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

[ ] All defendants have not joined in the notice of removal. Generally, all served defendants must join in removal. *Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248, 20 S. Ct. 854, 855, 44 L. Ed. 1055 (1900); *Parrino v. FHP, Inc.*, 146 F.3d 669, 703 (9th Cir. 1998); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981).

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 but all plaintiffs are not diverse from all defendants. *See* 28 U.S.C. § 1332; *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 but some of the defendants are California citizens. *See* 28 U.S.C. § 1441(b).

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, some of the parties are corporations, and the Notice of Removal does not state both their state of incorporation and principal place of business. 28 U.S.C. § 1332.

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the case was *not* initially removable, and the notice of removal was filed more than one year after commencement of the action. 28 U.S.C. § 1446(b); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998).

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 but the matter in controversy does not appear to exceed $75,000.

[ ] Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 on grounds of preemption but it does not appear that any of the claims are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-651 AG (ANx) | Date | May 24, 2010 |
|---|---|---|---|
| Title | ROSEMARIE A. RAHALL v SAM MURRAY, ET AL | | |

    subject to complete preemption.

[ ]  Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 on grounds of the artful pleading doctrine but the claims appear to be properly pled.

Accordingly, the Court orders Defendant to show cause in writing by June 7, 2010, why this action should not be remanded. Plaintiff may submit a response by June 14, 2010. This matter is set for hearing on June 21, 2010, at 10:00 a.m.

                                                                                                            :   0

Initials of Preparer